ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE TUCKER, | ) | |
| | ) | CASE NO. 1:19CR201 |
| Petitioner, | ) | 1:22CV132 |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | |
| | ) | |

Pending before the Court is Petitioner Clarence Tucker's Motion and to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255.   Doc. 50. The motion is DENIED.

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Tucker's contention is that his trial counsel was ineffective in multiple ways.   Tucker's burden to establish an ineffective assistance of counsel claim is two-fold. Under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), Tucker must first show that counsel's performance was deficient. Pursuant to *Strickland*, "deficient" conduct is not simple error; counsel must have erred so "serious[ly] that counsel was

not functioning as the 'counsel' guaranteed...by the Sixth Amendment." *Id*. at 687. When evaluating counsel's performance, a court is required to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (internal citation omitted).

If deficient conduct is identified, Tucker must then demonstrate that counsel's deficient performance prejudiced his defense. *Id*. at 692. To demonstrate prejudice, it is not enough to show that the "errors had some conceivable effect on the outcome of the proceeding" as any "act or omission of counsel would meet this test." *Id*. at 693. Instead, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 693. In effect, counsel's performance must have "caused the defendant to lose where he would probably have won" by conduct "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis omitted).

Tucker first contends that his counsel was ineffective for failing to file a motion to suppress.  Tucker alleges that officers lacked legal cause to initiate a traffic stop and that discrepancies in their reports warranted filing a motion to suppress.  First, Tucker contends that he was pulled over due to the darkness of the tint on his windows.  Tucker asserts that this conflicts with the officers' statements that drugs were clearly visible in his center console. Tucker, however, ignores that officers witnessed him make several turns without the use of a turn signal.  Doc. 38 at 3.  Thus, there was no basis to challenge the initial stop of the vehicle.[1]

---

1 The Court would also find no merit in Tucker's contention that an alleged tint violation would result in a complete inability to see into his vehicle.  As such, that alleged factual basis also did not warrant filing a motion to suppress.

Tucker next contends that one officer claims to have found drugs in his center console while another claims drugs were found on his person.   Tucker asserts that his counsel should have pursued this discrepancy in some manner.   However, as the government has made clear, drugs and drug related items were found in *both* the console and on Tucker's person.   As such, there is no discrepancy between the officers' accounts.

Finally, Tucker asserts that his counsel erred when he failed to object to the calculation of his criminal history points.   Tucker asserts that he should not have been given two points because he had been released from custody for a prior conviction more than two years before the instant offense.   Tucker, however, is mistaken regarding how his criminal history points were calculated. He was given two points pursuant to U.S.S.G. § 4A1.1(d) because he was still on parole for manslaughter conviction at the time of this offense.   As this was factually and legally correct, counsel had no basis to challenge it.

In summary, Tucker has failed to identify any deficient performance by counsel and his motion is DENIED.   Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

August 9, 2022                                         /s/John R. Adams
Date                                                       John R. Adams
U.S. District Judge